IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


RONALD G. ALLEN,                          :

      Plaintiff,                        :
                                 Case No. 3:07cv361
      vs.                               :
                        JUDGE WALTER HERBERT RICE
INTERNATIONAL TRUCK AND                   :
ENGINE CORP., et al.,                     :

      Defendants.                       :


---

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS
(DOC. #20) TO REPORT AND RECOMMENDATIONS OF MAGISTRATE
JUDGE (DOC. #19); MOTION TO DISMISS OF DEFENDANT
INTERNATIONAL TRUCK AND ENGINE CORPORATION (DOC. #13)
SUSTAINED; REPORT AND RECOMMENDATIONS OF MAGISTRATE
JUDGE ADOPTED, AS SUPPLEMENTED HEREIN; PLAINTIFF GIVEN
LEAVE TO SEEK TO AMEND COMPLAINT AS TO COUNT I

---

Plaintiff brings this putative class action against his employer and the union

that represents him.  The basic premise that supports his claims is that he has

been wrongfully denied participation on the Master Recall list, established by the

collective bargaining agreement ("CBA") and accompanying documents governing

his employment.  In particular, Plaintiff alleges that he was transferred from the

manufacturing facility of his employer, Defendant International Truck and Engine

Corporation ("International Truck"), located in Springfield, Ohio, to one located in

Melrose Park, Illinois. As a result of that transfer, he has been denied participation on the Master Recall List.

International Truck responded to Plaintiff's Complaint (Doc. #1), by moving to dismiss Counts I, III and VI in that pleading. This Court referred the matter to United States Magistrate Judge Sharon Ovington for a Report and Recommendations. That judicial officer has filed her Report and Recommendations (Doc. #19), recommending that this Court sustain International Truck's motion and that, therefore, it dismiss Counts I, III and VI. The Plaintiff has objected. See Doc. #20. Based upon its de novo review of the matter, this Court overrules Plaintiff's Objections (Doc. #20) to the Report and Recommendations of the Magistrate Judge (Doc. #19). The Court adopts that judicial filing, as supplemented herein.

With Counts III and VI, the Plaintiff has set forth state law claims of breach of contract and civil conspiracy. International Truck moved to dismiss those claims, arguing that they are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 20 U.S.C. § 185. Judge Ovington agreed with that Defendant and recommended that this Court dismiss those claims for that reason. The Plaintiff has not objected to those recommendations. This Court agrees and orders that Counts III and VI in Plaintiff's Complaint be dismissed.

In Count I, Plaintiff has set forth a claim under § 301 against International Truck, alleging that it has breached the CBA, and accompanying documents, by not including him on its Master Recall List. For the reasons set forth by the Magistrate Judge in her Report and Recommendations, this Court agrees that

Count I, as it <u>then</u> stood, must be dismissed.[1]  However, the Plaintiff has presented a newly added factual theory in support of this claim.  The Court will briefly set forth its reasons for rejecting that newly added theory.

In his Objections, Plaintiff asserts for the first time in this litigation that he has wrongfully been denied a place on the Master Recall List, because he qualified for inclusion on that list, when laid off by International Truck between March 30, 2001, and September 7, 2004.  Plaintiff did not set forth that factual theory in his Complaint or in his Memorandum Opposing Intentional Truck's Motion to Dismiss. In <u>Murr v. United States</u>, 200 F.3d 895, 902 n. 1 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendations before the District Court, and that the failure to raise the argument before the Magistrate Judge constitutes the waiver of same.  <u>Accord</u>, <u>United States v. Waters</u>, 158 F.3d 933, 936 (6th Cir. 1998); <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived").  Accordingly, this Court concludes that Plaintiff has waived this newly added factual theory.

In sum, based upon the reasoning and citations of authority set forth in Judge Ovington's Report and Recommendations (Doc. #19), as supplemented herein, the Court adopts same and overrules the Plaintiff's Objections (Doc. #20) thereto.  International Truck's Motion to Dismiss (Doc. #13) is sustained.

---

[1]In addition, this Court rejects Plaintiff's assertion that the Magistrate Judge committed error by refusing to convert International Truck's motion into one for summary judgment.

Plaintiff is hereby given leave to seek to file an amended complaint, as to Count I, setting forth his newly added factual theory.  Leave should be sought from the Magistrate Judge.

March 31, 2009

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.